Manly, J.
 

 There are several considerations which bring our minds to the conclusion, that “ dwelling-house” in the section of the statute, under which this indictment is framed, means an
 
 inhabited
 
 house.
 

 An adequate reason for so high a penalty is only to be found in the supposition, that the Legislature intended to restrict it to inhabited houses.
 

 We find it grouped with other buildings, such as a barn,
 
 *168
 
 with grain in it, mills and manufactories, which are of special value on account of their contents, and on that account, as we suppose, are all put ugson the same penal footing.
 

 And we find the Legislature, in the 103 section of the samq, chapter of the Code, providing that the burning of “
 
 uninhabited
 
 houses,” shall be a misdemeanor only.
 

 By a reference to this last section, it will be perceived, by necessary implication from the context, that the uninhabited house spoken of, is a house that is fitted for habitation, but is unoccupied at the time.
 

 These «considerations, taken in connexion with the rule of construction, that penal statutes, and especialty highly penal ones, are to be strictly interpreted, conduct our mind, clearly, to the conclusion above announced.
 

 "VVe concur, therefore, with his Honor below, that judgment of death cannot be pronounced upon the special verdict of the jury, but we are of opinion that judgment may be pronounced against defendant as for a misdemeanor;
 
 State
 
 v.
 
 Upchurch,
 
 9 Ire. Rep. 454.
 

 The interpretation which we thus give to the phrase, “ dwelling-house,” puts the section in harmony with itself — with other parts of the chapter, and with the whole frame of our jurisprudence. Give it a different construction, and allow the phrase in question, to embrace the entire class of houses fitted for human residence, whether occupied or not, and it is neither humane nor consistent. Ample reasons are found in a sound public policy, and in the peculiar jealousies of our people for protecting the house, which is the home of the citizen, b}’’ the highest penalties of the law. No good reason can be found for throwing this guard about an uninhabited tenement. The judgment below is reversed, and this opinion must be certified to the end that, that Court may proceed to judgment and sentence agreeably to the decision of this Court and the laws of the State.
 

 Per Curiam,
 

 Judgment reversed.