STATE OF NORTH CAROLINA v. VESTA RAY ARNOLD

No. 2

(Filed 10 October 1974)

1. **Arson § 1— common law offense**
   Arson is not defined by our statutes but is a common law offense.

2. **Arson § 1— felony**
   Arson is made a felony by G.S. 14-58.

3. **Arson § 2— indictment for arson — conviction for attempted arson**
   The felony of an attempt to commit arson created by G.S. 14-67 is a lesser included offense of the crime of arson, and a person indicted for arson may be convicted of the offense created by G.S. 14-67.

4. **Arson § 2— indictment for arson — trial for attempted arson — informing defendant of charge against him**
   Defendant was sufficiently informed of the charge against him where the indictment alleged that he feloniously and maliciously burned "a dwelling house owned by Robert Chandler, located at 328 Chandler Road, Durham, North Carolina, on the 23rd day of March 1973" and the solicitor announced before trial that the State would seek only a verdict of attempt to burn the described house.

   Chief Justice BOBBITT not sitting.

ON *certiorari* to review the decision of the Court of Appeals, reported in 21 N.C. App. 92, 203 S.E. 2d 395 (1974), which found no error in the trial before *Hall, J.,* at the 11 June 1973 Session of DURHAM Superior Court.

Defendant was charged in one bill of indictment with the crime of arson and in another with attempt to commit arson. On motion of defendant, the bill of indictment charging attempt to commit arson was quashed as a nullity for the reason that it failed to name the defendant, to charge the county in which the offense occurred, or to show the date on which it occurred.

At the beginning of the trial the solicitor for the State announced that the State would not seek a verdict of guilty of arson, but would try defendant on the bill of indictment charging arson and would seek a verdict of guilty of the lesser included offense of an attempt to commit arson.

Defendant was convicted of attempt to commit arson and from judgment imposing a prison sentence of not less than seven nor more than eight years, with credit for time spent in prison awaiting trial, and with recommendation that he be given proper treatment for "his alcoholic condition," appealed to the Court of Appeals. That court found no error in the trial.

The State's evidence tends to show that defendant's former wife was living in a house in Durham under the control of Robert Chandler. Upon learning that defendant was also staying at the house, Chandler advised the former wife that unless defendant left she would have to move. Defendant learned of this and went to Chandler's office. Chandler confirmed what he had told defendant's former wife. Thereafter, defendant, accompanied by his seventeen-year-old son, went to a liquor store, bought some vodka, and took several drinks. He then obtained a gallon plastic jug which he partially filled with gasoline, and drove to Chandler's home located on Chandler Road. There he lighted the jug and threw it into Chandler's carport. The fire department was called by neighbors and extinguished the fire. The contents and walls of the carport were damaged in the amount of $300.

*Attorney General Robert Morgan and Assistant Attorney General Robert G. Webb for the State.*

*Donald R. Smith for defendant appellant.*

MOORE, Justice.

The sole question presented to this Court is whether the defendant can be lawfully convicted of the felony of attempt to commit arson (G.S. 14-67) on an indictment charging him with arson.

[1, 2]   Arson is not defined by our statutes but is a common law offense. *State v. Long*, 243 N.C. 393, 396, 90 S.E. 2d 739, 741 (1956). See *State v. Ingland*, 278 N.C. 42, 49, 178 S.E. 2d 577, 581 (1970). By G.S. 14-58 arson is made a felony.

Defendant contends that there can be no lesser included offense of an attempt to commit arson under a bill of indictment for arson. Contrary to this contention, G.S. 15-170 provides that upon the trial of any indictment a defendant may be convicted of the crime charged therein, or a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime. "An attempt to commit a crime is an indictable offense and as a matter of form and on proper evidence, in this jurisdiction, a conviction may be sustained on a bill of indictment making a specific charge, or one which charges a completed offense." *State v. Addor,* 183 N.C. 687, 110 S.E. 650 (1922). *State v. Willis,* 255 N.C. 473, 121 S.E. 2d 854 (1961) ; *State v. Parker,* 224 N.C. 524, 31 S.E. 2d 531 (1944).

In his brief counsel for defendant states:

"At common law the lesser includant (sic) offense of attempted arson to an indictment for arson was a misdemeanor, and therefore indictable as a misdemeanor only and not as a felony. The defendant here, of course, has been tried for the felony of attempted arson.

"Since the North Carolina General Statutes 14-67 enacted by the General Assembly is a substitute for attempted arson at common law, there can be no attempt to [commit] arson at common law, therefore no lesser includant (sic) offense of attempted arson to a bill of indictment for arson in the State of North Carolina. Therefore, the petitioner could not be informed of the nature and cause of the accusation against him, and, of course, this in turn is a violation of his constitutional rights granted under the 6th and 14th amendment of the U. S. Constitution."

The common law rule that an attempt to commit a felony is a misdemeanor remains unchanged in this State except where otherwise provided by statute. G.S. 4-1; *State v. Hare,* 243 N.C. 262, 90 S.E. 2d 550 (1955) ; *State v. Surles,* 230 N.C. 272, 52 S.E. 2d 880 (1949). So far as an attempt to commit arson is concerned, this rule was changed by G.S. 14-67, which in part provides:

"If any person shall wilfully and feloniously attempt to burn any dwelling house . . . or any part thereof . . . he shall be guilty of a felony, and shall be punished by imprisonment in the State's prison or county jail, or by a

fine, or by both such fine and imprisonment, in the discretion of the court."

As stated in *State v. Stephens,* 170 N.C. 745, 87 S.E. 131 (1915) : "At common law an attempt to commit a felony was a misdemeanor. [Citations omitted.] But now, under Revisal, 3336 [now G.S. 14-67], an attempt to commit arson is made a felony." The Court then in the same case directly answered the question which is now before us by stating: "If the defendant had been charged with committing arson, he could have been convicted of an attempt to do so." The Court cited Revisal, 3269, which is now G.S. 15-170.

In *State v. Riera,* 276 N.C. 361, 368, 172 S.E. 2d 535, 540 (1970), it is stated:

"It is a universal rule that an indictment must allege all the elements of the offense charged. A defendant is entitled to be informed of the accusation against him and to be tried accordingly. *State v. Wilkerson, supra* [164 N.C. 431, 79 S.E. 888] ; *State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917. It is also well recognized in North Carolina that when a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment. G.S. 15-170; *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44; *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233; Wharton's Criminal Law and Procedure, Vol. 4 Sec. 1799, at 631. . . . "

[3] To prove common law arson the State must show malicious and wilful burning of the dwelling house of another. *State v. Long, supra; State v. Anderson,* 228 N.C. 720, 47 S.E. 2d 1 (1948). Proof of an attempt to so burn an inhabited house of another would meet the requirements of G.S. 14-67. The indictment for arson included all the elements necessary to prove the felony, under G.S. 14-67, of an attempt to commit arson, and these elements could be proved by proof of the facts alleged in the indictment. We, therefore, hold that the felony, created by G.S. 14-67 is a lesser included offense of the crime of arson alleged in the bill of indictment.

Defendant contends that he was not informed of the nature and cause of the accusation against him. The bill of indictment

is sufficient if it charges the offense in a plain, intelligible, and explicit manner with averments sufficient to enable the court to proceed to judgment and bar a subsequent prosecution for the same offense. G.S. 15-153; *State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677 (1971); *State v. Anderson,* 259 N.C. 499, 130 S.E. 2d 857 (1963).

> "The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. [Citations omitted.]" *State v. Greer,* 238 N.C. 325, 327, 77 S.E. 2d 917, 919 (1953).

[4] Here, it was charged that defendant unlawfully, wilfully, feloniously, and maliciously did burn a dwelling house owned by Robert Chandler, located at 328 Chandler Road, Durham, North Carolina, on the 23rd day of March 1973. The solicitor, before the trial, announced that the State under this indictment would seek only a verdict of guilty of attempt to burn this house. Clearly, defendant was informed of the charge against him. Being convicted and sentenced under this indictment, he could not again be lawfully indicted and tried for this offense. Defendant's contention that he was not informed of the nature and cause of the accusation against him is without merit.

Under the provisions of G.S. 14-67, an attempt to commit arson is now a felony rather than a common law misdemeanor. Therefore, the sentence of seven to eight years' imprisonment was properly imposed.

The decision of the Court of Appeals is affirmed.

Affirmed.

Chief Justice BOBBITT not sitting.