STATE OF NORTH CAROLINA v. WILLIAM EARL GREEN

No. 67

(Filed 4 December 1979)

**1. Criminal Law § 76.6— confession—defendant with low I.Q.—insufficiency of findings to show voluntary waiver of counsel**

The trial court erred in the admission of defendant's confession where defendant presented evidence on motion to suppress tending to show that he had a very low I.Q., that he went to school for 10 years but he had very little education and could barely read, and that he could not understand instructions unless they were given slowly and fully explained to him, and the court failed to make sufficient findings of fact showing that defendant voluntarily, knowingly and intelligently waived his constitutional rights, particularly his right to consult with a lawyer and have the lawyer present during his interrogation.

**2. Arson § 5— first degree arson—failure to submit attempted arson**

The trial court in a first degree arson case erred in failing to submit to the jury the lesser included offense of attempted arson where defendant told the police that he poured diesel fuel around the front door of the house and placed a lighted piece of paper at the door, and the occupants of the house testified that although they observed fuel running under the front door, they discovered fire outside the back door and on the back porch and escaped from the house through the front door.

APPEAL by defendant from *Allsbrook, J.*, 29 January 1979 Session, PITT Superior Court.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with first-degree arson. Evidence presented by the state tended to show:

On 24 July 1978 Ruby Deloris Edwards, 18, and her two small children were living with her mother and five other children in a rented house in rural Pitt County. Until about two weeks before that date, Ruby had lived with defendant, he being the father of

her children. Deciding that she did not wish to continue living with defendant, she had moved in with her mother.

At around 8:30 p.m. or 9:00 p.m. on that date, defendant went to the Edwards home and tried unsuccessfully to get Ruby to come outside and talk with him. Later, after Ruby and all other occupants of the house had gone to bed, defendant went to the living room window, knocked on it, and again prevailed on Ruby to come outside. She refused to do so and urged defendant to leave the premises.

A short while later Ruby smelled what she referred to as gas in the hallway of the house. She called her mother and a few minutes later "gas" was observed running under the front door of the house and shortly thereafter fire was discovered outside of the back door and on the back porch of the house. All nine occupants of the house were able to get out after which the house was almost completely consumed by the fire.

Police arrested defendant early the next morning. After questioning, defendant gave the police a statement in which he declared that he loved Ruby and wanted her to resume living with him; that, when she refused, he obtained a drink bottle full of diesel fuel from a nearby tobacco barn; that he poured the fuel around the front door of the Edwards home; and, that after some difficulty, he ignited it.

Defendant offered evidence at the trial. He testified as a witness for himself and denied any implication in or knowledge of the fire. He further testified that the statement which he gave police was coerced and that he gave it out of fear and intimidation.

The jury returned a verdict of guilty of first-degree arson. The court entered judgment imposing a minimum and maximum sentence of life imprisonment.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Willis A. Talton for defendant-appellant.*

BRITT, Justice.

Defendant contends the trial court erred in the following respects: (1) In denying his motion to suppress evidence relating to his alleged confession; (2) in denying his motion for nonsuit; and (3) in failing to submit attempted arson as an alternative verdict. We find merit in contentions (1) and (3) and hold that defendant is entitled to a new trial.

[1] At the 2 January 1979 Session of Pitt Superior Court, Presiding Judge Cowper conducted a pretrial hearing on defendant's motion to suppress all evidence relating to any statements allegedly made by him to police on the ground that the statements were obtained in violation of his constitutional rights. At the hearing the state presented evidence tending to show that defendant was fully advised of his constitutional rights; that he signed a waiver of his right to have an attorney present during questioning; and that he freely and understandingly gave oral and written inculpatory statements. Defendant offered evidence tending to show that he had a very low I.Q.; that while he went to school for some 10 years he had very little education and could barely read; that he could not understand instructions unless they were given slowly and fully explained to him; and that he did not knowingly waive the presence of an attorney while he was questioned by police.

Following the hearing, Judge Cowper entered an order in which he briefly reviewed the proceedings before him and then found and concluded in pertinent part as follows:

"3) Deputy Sheriff Moye interviewed the defendant on July 26, 1978 at the jail in the Interrogation Room after first fully advising him of his rights under the Miranda Warning [sic]. And the defendant, after going over each of these rights, indicated that he understood the rights and that he waived his right to an attorney and agreed to talk to the officers, after which time a full statement of confession was made and was put in writing.

"From the foregoing conclusions of fact, the court makes the following finding of law. That the defendant William Earl Green was fully warned of his Constitutional Rights and knowingly signed a Waiver of Attorney and made a state-

ment while fully understanding and appreciating his rights to remain silent and to stop answering questions at any time and the right to have counsel present when any statement was made.

"The written statement made by William Earl Green to Officer Moye is admissible into evidence."

The legal principle involved here is succinctly stated by Justice Huskins in *State v. Riddick*, 291 N.C. 399, 408, 230 S.E. 2d 506 (1976), as follows:

"When the admissibility of an in-custody confession is challenged the trial judge must conduct a *voir dire* to determine whether the requirements of *Miranda* have been met and whether the confession was in fact voluntarily made. The general rule is that the trial judge, at the close of the *voir dire* hearing, *should* make findings of fact to show the bases of his ruling. *See State v. Silver*, 286 N.C. 709, 213 S.E. 2d 247 (1975); *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53 (1969). If there is a *material* conflict in the evidence on *voir dire* he *must* do so in order to resolve the conflict. *State v. Smith*, 278 N.C. 36, 178 S.E. 2d 597 (1970). . . ."

In *State v. Steptoe*, 296 N.C. 711, 716, 252 S.E. 2d 707 (1979), Justice Huskins, again speaking for the court, said:

"As a constitutional prerequisite to the admissibility of statements obtained from an accused during custodial interrogation, *Miranda* requires that the suspect be advised in unequivocal terms (1) that he has a right to remain silent; (2) that anything he says can and will be used against him in court; (3) that he has a right to consult with a lawyer and to have a lawyer present during interrogation; and (4) that if he is indigent and unable to employ a lawyer, counsel will be appointed to represent him. After having been so advised, an accused may waive the privilege against self-incrimination these warnings are designed to protect provided the waiver is made *voluntarily, knowingly,* and *intelligently*. . . ."

We hold that Judge Cowper did not make sufficient findings of fact showing that defendant voluntarily, knowingly and intelligently waived his constitutional rights as set forth in *Miran-*

*da*, particularly his right to consult with a lawyer and have the lawyer present during his interrogation.

With respect to his second contention, defendant virtually concedes that the evidence was sufficient to withstand his motion for nonsuit. We expressly hold that it was sufficient and further review of the evidence is not necessary.

[2] Regarding his third contention, defendant argues that the trial court erred in not granting his request that the lesser included offenses of attempted arson and damage to real property be submitted to the jury as alternate verdicts. As stated above, we think the trial court should have submitted attempted arson as an alternate verdict.

Where there is evidence of defendant's guilt of a lesser degree of the crime set forth in the bill of indictment, defendant is entitled to have the question submitted to the jury even in the absence of a specific prayer for the instruction. 4 Strong's N.C. Index 3d, Criminal Law § 115. The felony of an attempt to commit arson created by G.S. 14-67 is a lesser included offense of the crime of arson. *State v. Arnold*, 285 N.C. 751, 208 S.E. 2d 646 (1974).

Occupants of the house testified that although they observed "gas" running under the front door and into the hallway, they discovered the fire outside the back door and on the back porch; and that they escaped from the house through the front door. There was no evidence that the occupants found fire at or near the front door.

In his statement to the police, defendant said that he poured some diesel fuel around the *front* door of the house; that he ignited a piece of paper with his cigarette lighter; that he "was having trouble getting the fire to start"; that he stuck the piece of paper "between the front door" while the paper was burning; that he stood there for a minute and someone in the house said something to someone else; that when this happened he ran down the path and went to some tobacco barns; and that he did not know the house caught on fire because he ran.

Although there was sufficient evidence to submit the case to the jury on first-degree arson, there was also evidence that defendant merely *attempted* to set the house on fire. That being

true, the trial court should have submitted attempted arson as an alternate verdict.

For the reasons stated, defendant is awarded a

New trial.