STATE OF NORTH CAROLINA v. JAMES CLARENCE GULLEY

No. 7911SC1125

(Filed 20 May 1980)

**Arson § 4.2— charge of burning uninhabited dwelling—inhabitants only temporarily absent—nonsuit proper**

Defendant who was charged with the unlawful burning of an uninhabited dwelling pursuant to G.S. 14-62 was entitled to have his motion for nonsuit granted since the evidence tended to show that the mobile home burned was used by three people as their place of residence, and their temporary absence at the time of the fire did not make the dwelling an uninhabited house within the meaning of the statute.

APPEAL by defendant from *Lee, Judge.* Judgment entered 18 July 1979 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 16 April 1980.

Defendant was indicted for the unlawful burning of an uninhabited dwelling, G.S. 14-62. The State presented evidence that on 23 November 1978 the mobile home in which Janice Watson, her son, and Roger Watson lived was found to be on fire. An antifreeze can was burning outside. Soon after the fire was discovered, defendant got out of a car in the road and inquired whether anyone was in the trailer. Then he picked up the anitifreeze can, put it in his car, and drove away.

Defendant and Janice Watson had lived together until December of 1977. Several weeks prior to the fire defendant came beating on Ms. Watson's trailer and "hollered" that if she did not come out, he would burn her out.

No one was at home at the time of the fire. The county fire marshal who investigated the fire gave his opinion that "somebody had thrown something through the window and lighted the fire from the outside." Hydro-carbon fuel was found on the mattress where the fire started.

Defendant denied setting fire to the trailer, and presented alibi evidence. He was found guilty and sentenced to five years. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr. for the State.*

*DeMent, Redwine & Askew, by Johnny S. Gaskins, for defendant appellant.*

ARNOLD, Judge.

" '(A) defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment.' " *State v. Cooper,* 275 N.C. 283, 286, 167 S.E. 2d 266, 268 (1969). Defendant was charged under G.S. 14-62 with burning an "uninhabited dwelling house." The evidence presented at trial showed that Janice Watson, her son, and Roger Watson used the mobile home which was burned as their place of residence, and that they were temporarily absent, spending the Thanksgiving holiday in another state, at the time of the fire. Defendant contends that this evidence shows that the dwelling burned was inhabited, though unoccupied at the time of the fire, and that consequently there is a fatal variance between allegation and proof.

At common law the burning of the dwelling of another was the crime of arson, *State v. Cuthrell,* 235 N.C. 173, 69 S.E. 2d 233 (1952), and this common law definition remains in effect in North Carolina. *State v. Arnold,* 285 N.C. 751, 208 S.E. 2d 646 (1974). Common law arson results from the burning of a dwelling even if its occupants are temporarily absent at the time of the burning. 5 Am. Jur. 2d, Arson & Related Offenses § 17; *see* Session Laws 1979, c. 760, s. 5 (amending G.S. 14-58 effective 1 July 1980); *State v. Blizzard,* 280 N.C. 11, 184 S.E. 2d 851 (1971). By statute the legislature has made criminal other types of burning, *see* G.S. 14-59 *et seq.,* and it is under one of these statutes, G.S. 14-62, that defendant is charged. G.S. 14-62 is entitled "Burning of churches and certain other buildings" and applies to the burning of uninhabited houses, churches, warehouses, offices, barns, etc. Since a dwelling which is merely temporarily unoccupied falls within the definition of arson, and since uninhabited houses are grouped in G.S. 14-62 with other structures in which people do not reside, we find that the legislature meant something more than the temporary absence of the occupants when it created the separate crime of burning an "uninhabited" house.

Few North Carolina cases have addressed the meaning of "uninhabited," but in the early case of *State v. Clark,* 52 N.C. 167 (1859) (per curiam), the court agreed that a structure which "was built for a dwelling-house, and had once been occupied as such, but was untenanted at the time of the burning," was an uninhabited house. The court pointed out there that the higher penalty for arson resulted from "the peculiar jealousies of our people for protecting *the house* which is the home of the citizen." *Id.* at 168 (emphasis added). More recently, in the case of *State v. Long,* 243 N.C. 393, 90 S.E. 2d 739 (1956), the court noted that an uninhabited house is not subject to common law arson, and indicated that the temporary absence of the residents was a different subject.

Because we find that the temporary absence of the Watsons from their dwelling did not make the dwelling an "uninhabited house" within the meaning of G.S. 14-62, the evidence in this case did not establish defendant's guilt of the crime with which he was charged. Defendant was entitled to have his motion for nonsuit granted.

Reversed.

Judges HEDRICK and ERWIN concur.