STATE OF NORTH CAROLINA v. PHILLIP LAMONT SLADE

No. 8517SC1252

(Filed 3 June 1986)

Narcotics § 2— providing inmate with marijuana—no variance between indictment and proof

> There was no merit to defendant's contention that there was a fatal variance between the indictment which charged that he "did give" a controlled substance to an inmate and the evidence which showed that defendant attempted to induce a deputy to give marijuana to an inmate by hiding the drug inside a jar of cold cream, since the indictment which correctly stated the date

of the offense, the name of defendant, the name of the inmate to whom he attempted to give marijuana and the jail where the offense took place and which cited the relevant statute was sufficient to enable defendant adequately to prepare for trial and to protect him from twice being put in jeopardy for the same offense.

APPEAL by defendant from *Wood, Judge.* Judgment entered 16 July 1985 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 10 April 1986.

Defendant was indicted for the offense of furnishing contraband to an inmate. On 16 December 1984, defendant's wife was incarcerated in the Rockingham County Jail. On that day, defendant had visited with his wife through the end of regular visiting hours. He returned to the jail a little while later and asked one of the deputies on duty to give his wife a package. The deputy searched through the package and found personal care products such as Noxzema skin cream, deodorant, letters and pictures. Having been tipped off to expect contraband, the deputy stuck her fingers into the skin cream and found a foil package containing marijuana. Defendant was immediately arrested.

At trial, the State presented the testimony of the two deputies on duty at the jail that day. Defendant testified and denied knowing the marijuana was in the jar. He further testified that his wife had asked him to pick up a package for her from a friend, Michelle Holland. Defendant's wife testified that her husband did not know of the marijuana and that he did not even know she had started smoking the drug since she had been in jail. Finally, Ms. Holland testified that she had put the marijuana in the jar without defendant's knowledge.

Defendant's motion to dismiss was denied and the case was submitted to the jury. Defendant was found guilty and was sentenced to five years imprisonment. He appeals.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General James B. Richmond for the State.*

*Appellate Defender Malcolm Ray Hunter by Assistant Appellate Defender Geoffrey C. Mangum for defendant-appellant.*

PARKER, Judge.

Defendant's sole assignment of error is that the trial court erred in denying his motion to dismiss the charge against him. He contends that the indictment charged that he "did give" marijuana to an inmate but the evidence only showed that he "attempted to procure" the deputy to give the marijuana to defendant's wife. A motion to dismiss is a proper method to raise a fatal variance between indictment and proof. *State v. Law*, 227 N.C. 103, 40 S.E. 2d 699 (1946); *State v. Pulliam*, 78 N.C. App. 129, 336 S.E. 2d 649 (1985).

Defendant was convicted of a violation of G.S. 14-258.1(a) which reads:

> (a) If any person shall *give* or sell to any inmate of any charitable, mental or penal institution, or local confinement facility, or if any person shall combine, confederate, conspire, aid, abet, solicit, urge, instigate, counsel, advise, encourage, *attempt to procure*, or procure another or others to give or sell to any inmate of any charitable, mental or penal institution, or local confinement facility, any deadly weapon, or any cartridge or ammunition for firearms of any kind, or any controlled substances included in Schedules I through VI contained in Article 5 of Chapter 90 of the General Statutes except under the general supervision of a practitioner, poison or poisonous substance, except upon the prescription of a physician, he shall be punished as a Class H felon . . . (emphasis added).

The indictment refers to the statute violated and charges that defendant "did give" a controlled substance to an inmate of a local confinement facility. The evidence presented at trial showed that defendant had given a deputy at the jail a package to give to his wife and that the package contained marijuana. The trial judge instructed the jury that defendant should be convicted if he "knowingly attempted to procure [the deputy] . . . to give marijuana" to his wife in the jail. Defendant contends that the jury was allowed to convict him upon a completely different theory than that stated in the indictment, and that the evidence was insufficient as a matter of law to support a conviction for the offense set forth in the indictment.

Clearly, a defendant must be convicted, if at all, of the offense charged in the indictment. *State v. Joyner*, 301 N.C. 18, 269 S.E. 2d 125 (1980). In determining whether there is such a variance between indictment and proof as to affect substantive rights of the accused, the primary consideration for the reviewing court is the role of the indictment in informing the defendant of the charges so that he may prepare his defense and in protecting the defendant from double jeopardy. *See State v. Sturdivant*, 304 N.C. 293, 283 S.E. 2d 719 (1981). Thus, not every variance between the indictment and proof is a material variance. *State v. Furr*, 292 N.C. 711, 235 S.E. 2d 193, *cert. denied*, 434 U.S. 924, 98 S.Ct. 402, 54 L.Ed. 2d 281 (1977).

By statute in North Carolina, an indictment charging a completed offense is deemed sufficient to support a conviction for an attempt to commit the crime charged. G.S. 15-170; *State v. Gray*, 58 N.C. App. 102, 293 S.E. 2d 274, *disc. rev. denied*, 306 N.C. 746, 295 S.E. 2d 482 (1982). This statute applies even though the completed crime and the attempt are not in the same statute. In *State v. Arnold*, 285 N.C. 751, 208 S.E. 2d 646 (1974), defendant had been indicted for the common-law felony of arson, but was convicted of the statutory felony of attempted arson. The Supreme Court held that, in light of G.S. 15-170, the indictment charging the completed offense of arson sufficiently served the requirements of an indictment in order to support a conviction for attempted arson. *Arnold* at 755, 208 S.E. 2d at 649.

The same is true in this case. The indictment charging defendant with the completed offense of giving a controlled substance to an inmate was sufficient to enable him to adequately prepare for trial and to protect him from being twice put in jeopardy for the same offense. *See State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917 (1953). The indictment correctly stated the date of the offense, the name of the defendant, the name of the inmate to whom he attempted to give marijuana and the jail where the offense took place. The relevant statute was also cited. This information adequately protects defendant's rights to be accurately informed of the charge against him and his right to be free from double jeopardy. Changing "did give" to "did attempt to procure the deputy to give" would have made no difference in the way defendant presented his defense, as he denied any knowledge of the marijuana at all.

In order to convict defendant of an attempt crime, the State must show: (i) an intent to commit the crime and (ii) an overt act done toward the commission of the crime, beyond mere preparation. *State v. Powell*, 277 N.C. 672, 178 S.E. 2d 417 (1971). In this case, the evidence, viewed in the light most favorable to the State, shows defendant intentionally attempted to induce the deputy into giving marijuana to an inmate by hiding the drug inside a jar of cold cream.

We hold that the indictment was sufficient to support the conviction of an attempt to give a controlled substance to an inmate, and that the evidence was sufficient to survive defendant's motion to dismiss. We find

No error.

Judges WEBB and EAGLES concur.