# Alexandria

### JOSEPH L. DAVIS, s/k/a JOSEPH LEROY DAVIS

### v.

### COMMONWEALTH OF VIRGINIA

### No. 1868-91-4

### Decided March 2, 1993

COUNSEL

Bruce Rheinstein, for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, we consider the meaning of the phrase "temporarily unoccupied" contained in Code § 18.2-77 (arson). We hold that a dwelling referred to in that section as "temporarily unoccupied" is one that is currently uninhabited, not one from which its occupants are merely absent at the time it is burned. Thus, when the defendant burned the house in which he and others lived, he was guilty of a Class 2 felony, rather than a Class 3 felony, even though no one was in the house at the time. *See* Code § 18.2-77.[1]

The defendant and two sub-tenants, a woman and her nine-year-old daughter, lived in the house that the defendant burned. At the time of the fire, the woman and her daughter had gone out to rent a movie. After starting the fire, the defendant also left. The trial court concluded that the house was not "temporarily unoccupied" and found the defendant guilty of a Class 2 felony.

The defendant submitted that he was guilty of a Class 3 felony, rather than a Class 2 felony, at sentencing, not at trial when he was found guilty. However, the trial court, sitting without a jury, had a full opportunity to consider the issue and did consider it at the sentencing hearing. Therefore, we conclude that the issue was timely raised and that the defendant is not barred from raising the issue on appeal. *See Campbell v. Commonwealth,* 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).

The legislature's interest in using the phrase "temporarily unoccupied" is reflected in its choice of different language in two other related provisions of the Code. Burning a building "not usually occupied by persons lodging therein at night," is a Class 3 felony, if done "*at a time when any person is therein,*" but only a Class 4 felony if done

---

[1] Code § 18.2-77 provides, in part:

If any person, in the nighttime, maliciously burn . . . any dwelling house or house trailer, whether the property of himself or of another, . . . or other house in which persons usually dwell or lodge, . . . he shall be guilty of a Class 2 felony; but if the jury or the court trying the case without a jury finds that at the time of committing the offense, such dwelling house . . . was **temporarily unoccupied**, the offender shall be guilty of a Class 3 felony. (Emphasis added.)

*"when no person is in such building."* Code § 18.2-79 (emphasis added). Similarly, burning any other building or structure *"at a time when no person is in such building"* is a Class 4 felony, instead of a Class 3 felony, if otherwise. Code § 18.2-80 (emphasis added). Had the legislature intended, in Code § 18.2-77, to distinguish whether or not a person was in a building at the time it was burned or destroyed, it would have used language similar to that used in Code §§ 18.2-79 and 18.2-80. The phrase "temporarily unoccupied," therefore, has a different meaning.

█ Other courts have defined when a dwelling house is "temporarily unoccupied." At common law, arson occurred even if the occupants of a dwelling were "temporarily absent at the time of [its] burning." *State v. Gulley*, 46 N.C. App. 822, 823, 266 S.E.2d 8, 8 (1980). Thus, the burning of a dwelling that is "merely temporarily unoccupied" is arson. *Id.* A structure is "temporarily unoccupied" if it is "dedicated and intended for residential use, and . . . is not presently occupied as a person's habitation, but . . . has [not] been permanently abandoned nor vacant for a prolonged period of time." *State v. Green*, 18 Ohio App. 3d 69, 72, 480 N.E.2d 1128, 1132 (1984). *See also Newman v. State*, 154 Ind. App. 408, 410, 290 N.E.2d 133, 134 (1972) (dwelling not "temporarily unoccupied" when "left empty temporarily"); *Commonwealth v. Kingsbury*, 378 Mass. 751, 756-57, 393 N.E.2d 391, 394 (1979) (an apartment rented, but not yet occupied, is neither inhabited nor "temporarily unoccupied"); *State v. Scarberry*, 187 W. Va. 251, 254, 418 S.E.2d 361, 364 (1992) (a structure is no longer a dwelling house when occupants leave without intention to return).

█ We hold that a dwelling from which its inhabitants are absent temporarily with an intention to return is not "temporarily unoccupied" within the meaning of Code § 18.2-77. Therefore, the defendant was properly convicted of a Class 2 felony, and the judgment of conviction is affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.