COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Baker and Coleman
Argued at Richmond, Virginia


GLENN EVERETTE SMALL
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1574-95-2      JUDGE SAM W. COLEMAN III
                                          JUNE 11, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF AMELIA COUNTY
                    Thomas V. Warren, Judge


        V. Eileen Long for appellant.

        Margaret Ann B. Walker, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


    Glenn Everette Small was indicted for and convicted in a
bench trial of feloniously and maliciously "burning an unoccupied
camper trailer, a manufactured home," belonging to Kenneth W.
Ellis in violation of Code § 18.2-77.[1] Small contends that the

---

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

    [1]Code § 18.2-77. Burning or destroying dwelling house, etc.
            A. If any person maliciously (i) burns,
        or by use of any explosive device or
        substance destroys, in whole or in part, or
        causes to be burned or destroyed, or (ii)
        aids, counsels or procures the burning or
        destruction of any dwelling house or
        manufactured home whether belonging to
        himself or another, or any occupied hotel,
        hospital, mental health facility, or other
        house in which persons usually dwell or
        lodge, any occupied railroad car, boat,
        vessel, or river craft in which persons
        usually dwell or lodge, or any occupied jail
        or prison, he shall be guilty of a felony,
        punishable by imprisonment for life or for
        any period not less than five years and,

trial judge erred by denying his motion to set aside the guilty verdict without granting him an opportunity to be heard orally or to present evidence in support of the motion, by refusing to allow him to proffer evidence in support of the motion, and by refusing to grant his motion to enlarge the record for appeal to include that evidence which the trial judge refused to accept by proffer. He does not appeal the trial court's denial of the motion to set aside the verdict on the ground that the evidence was sufficient to prove a violation of Code § 18.2-77.

We hold that because the evidence that the appellant sought to proffer was not necessary or relevant to whether the verdict should be set aside, and because the trial court could rule upon the merits of the motion without argument by counsel, the trial judge did not commit reversible error by refusing to accept the proffer or by refusing to permit argument. Accordingly, we affirm the trial court's rulings and we affirm the conviction.

(..continued)

> subject to subdivision g of [Code] § 18.2-10, a fine of not more than $100,000. Any person who maliciously sets fire to anything, or aids, counsels or procures the setting fire to anything, by the burning whereof such occupied dwelling house, manufactured home, hotel, hospital, mental health facility or other house, or railroad car, boat, vessel, or river craft, jail or prison, is burned shall be guilty of a violation of this subsection.
>
> B. Any such burning or destruction when the building or other place mentioned in subsection A is unoccupied, shall be punishable as a Class 4 felony.

At trial the Commonwealth proved that the defendant burned an unoccupied travel trailer owned by Kenneth W. Ellis. The trailer had been commercially manufactured and measured approximately eighteen by eight feet. Witnesses variously referred to the burned trailer as a "manufactured travel trailer," "a professionally manufactured travel-trailer on a frame," a "camper," a "camper trailer," and a "travel trailer." The defendant stipulated that Ellis periodically used the travel trailer as a dwelling on weekends. After the defendant was found guilty, he filed a motion to set aside the verdict, claiming that the evidence was insufficient to prove that "the [burned] structure was either a dwelling house or manufactured home" as alleged in the indictment.

The defendant acknowledged that the evidence was sufficient to prove a violation of Code § 18.2-77 in that it proved he burned a structure or "other house . . . in which people usually dwell or lodge." See Davis v. Commonwealth, 16 Va. App. 6, 8, 427 S.E.2d 441, 442 (1993). Nevertheless, relying upon Etheridge v. Commonwealth, 210 Va. 328, 171 S.E.2d 190 (1969), he argues that because the indictment specifically alleged a "dwelling house" or "manufactured home," which is a discrete type of structure expressly defined by Code § 36-85.3 and Title VI, Section 603(6) of The National Manufactured Housing Construction and Safety Standards Act of 1974, the Commonwealth was required to prove that the burned structure was either a "dwelling house"

or a "manufactured home." For purposes of this opinion, we accept the defendant's contention that the Commonwealth had to prove that the structure was a dwelling house or a manufactured home. Also, we accept the defendant's representations that his proffered evidence would have shown that the travel trailer did not comport with the definition of a manufactured home under the state and federal statutes, and that it was not permissible under the local building code to erect a dwelling on the property where the trailer was located or to run a temporary electrical connection to the trailer.

We first consider whether the trial court erred by summarily ruling upon the motion to set aside the verdict without permitting the defendant to proffer evidence in support of the motion or to complete the record for appeal. The Supreme Court and Court of Appeals have consistently held that alleged error assigned to a trial court's ruling that depends upon evidence that is not part of the record will not be considered on appeal in the absence of a proffer of the evidence or a proper stipulation or avowal of counsel. Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977); Stewart v. Commonwealth, 10 Va. App. 563, 568, 394 S.E.2d 509, 512 (1990). However, where the trial judge denies the defendant the opportunity to proffer relevant evidence that is central to the issues being adjudicated and subject to appeal, the conviction must be reversed for a new trial. Brown v. Commonwealth, 246 Va. 460, 465, 437 S.E.2d 563,

565 (1993).  Thus, a trial court generally should accept a proffer of evidence in order to ensure a complete record on appeal, so long as the evidence is relevant, on its face, to the issue before the court.  See Board of Supervisors of Fairfax Co. v. Miller and Smith, Inc., 222 Va. 230, 238, 279 S.E.2d 158, 163 (1981).  Here, therefore, we decide whether the defendant's proffered evidence was relevant to grounds that the trial court would have been required to consider in ruling on the motion to set aside the verdict.

The evidence the defendant sought to proffer was not relevant to, and did not support the grounds for the motion to set aside the verdict.  The rejected evidence would have proved the content of a state and a federal statute, as well as a local building code.  It also would have provided opinion testimony that the burned travel trailer did not satisfy the statutory definitions of a manufactured home or dwelling.  Without deciding whether the statutes or local building code have any bearing upon the definition of a manufactured home or dwelling house under Code § 18.2-77, we note that the trial court could take judicial notice of the content of the statutes and the building code. Code § 19.2-265.2.  Moreover, whether the statutes and ordinance were applicable, and if so, whether the evidence was sufficient to prove that the travel trailer was a "dwelling house" under the local building code or a "manufactured home" under the statutes, were legal issues for the trial judge to determine, and were not

the proper subject for an opinion by a lay witness.  Thus, the proffered evidence was not relevant or germane to the motion to set aside the verdict because it was neither necessary nor proper evidence for the trial court to consider in determining whether the burned structure was a dwelling or manufactured home under the statutes or local code as the defendant claimed. Accordingly, the trial judge did not err by refusing to accept the defendant's proffer of evidence or permitting him to enlarge the record for appeal.

The defendant next contends that the trial judge erred by not permitting him to be heard orally in support of his motion to set aside the verdict on the ground that the evidence was insufficient to prove the charges in the indictment.  Although the common practice is to allow oral argument on motions to set aside verdicts where the claim is that the evidence is insufficient, Rule 3A:15(b), which governs such motions, does not require the trial court to hear oral argument.  Thus, the trial court does not abuse its discretion by ruling on a motion to set aside the verdict without hearing oral argument where the court determines that the issues have been sufficiently defined in the motion and can be decided without hearing counsel orally.

Accordingly, we hold that the trial court did not err by summarily denying the motion to set aside the verdict without accepting the proffer of evidence or hearing oral argument by counsel.

<u>Affirmed.</u>