133 N.J. Super. 234 (1975)
336 A.2d 40
KINGSTON EAST REALTY CO., A PARTNERSHIP OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1974.
Decided March 26, 1975.
*236 Before Judges COLLESTER, LORA and HANDLER.
Mr. Harvey M. Douglen argued the cause for appellant (Stier and Douglen, attorneys).
Mr. Stephen A. Herman, Deputy Attorney General argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by HANDLER, J.A.D.
Plaintiff Kingston East Realty Co. instituted this action by filing a complaint in lieu of prerogative writs against the State of New Jersey, by the Commissioner of Transportation. In the first count of the complaint plaintiff sought damages because the actions of the Department of Transportation in delaying the issuance of a building permit and in otherwise inhibiting or discouraging the preparations for and development of the land for a large 18-building research, office and laboratory complex, caused plaintiff to suffer substantial financial loss. The second count, which incorporated the factual allegations of the first count, *237 asserted that the activities of the State resulted in "constructive condemnation" since the utilization of the property through development had thereby been substantially inhibited or denied. The third count characterized the conduct of the State in negotiating for or acquiring other properties, but refusing to negotiate for or acquire the premises in question, as arbitrary and capricious and as a result substantial damages were suffered. Plaintiff sought on these latter two counts a judgment compelling defendant to institute an action for the acquisition of its property. The fourth count, which also included by reference preceding allegations, stated that there had been a depreciation in the value of plaintiff's property for which it demanded judgment seeking the appointment of commissioners to assess the value of damages. On the second, third and fourth counts  those "sounding" in condemnation  plaintiff sought an award for various expenditures under N.J.S.A. 20:3-26(c). The complaint was verified and supported by a certification in lieu of affidavit by one of plaintiff partners.
On application plaintiff obtained an order to show cause why the requested relief should not be granted. The State made a motion returnable on the adjourned return day for an order to dismiss plaintiff's complaint on the ground that it failed to state a claim upon which relief could be granted. The judge entered an order dismissing the complaint with prejudice and plaintiff took this appeal.
The facts may be gathered from the pleadings, the moving papers and supporting briefs.
It appears that in 1964 plaintiff, a partnership, purchased approximately 93 acres of land fronting on Route 27 in Franklin Township, Somerset County, New Jersey. Under the applicable zoning ordinance the land may be used for research, office and laboratory purposes. In February 1971 a highway alignment preservation map was filed pursuant to N.J.S.A. 27:7-66. This map showed the proposed alignment of Route 92 Freeway, which included a portion of plaintiff's *238 property. In February 1972 a revised map was submitted, still including some of plaintiff's property.
It further appears that the State had acquired some properties for the Route 92 Freeway, utilizing funds from a bond issue of 1968. One of these acquisitions was a piece of property across from plaintiff's premises on the other side of Route 27. This property was one of four properties located in section 3 of the proposed plan and was the only parcel in that section which was taken. Plaintiff's property is in section 4, with respect to which there have been no acquisitions. It is also alleged that, since the defeat of the 1972 transportation bond issue, no further acquisitions or condemnation actions have been instituted in section 3. Plaintiff asserts that, according to the filed map of Route 92, his property is intended to be used for the construction of ingress and egress for the proposed road, and that the property already acquired across the street is of no use for the highway unless plaintiff's property is also obtained.
Plaintiff contends that "several years" after the alignment map was filed it decided to develop a research office laboratory complex. This decision allegedly was made after responses by the State that acquisition would not occur for some time. Engineers and architects were hired to prepare studies, surveys and plans for a complex consisting of 18 primary buildings, accessory buildings and roads. Financing was also obtained.
On January 8, 1973 plaintiff submitted an application for obtaining a building permit to the building code enforcement officer of Franklin Township. The application was forwarded to the Department of Transportation pursuant to N.J.S.A. 27:7-67. The Department notified plaintiff by letter dated March 7, 1973 that "the proposed building is in the center of the alignment [and] we are now preparing acquisition documents for our needs in this area." On March 8, 1973 plaintiff received a letter from the building code enforcement officer of Franklin Township that the building permit was *239 denied because of the action by the Department of Transportation. Thereafter plaintiff wrote to the Department of Transportation on July 23, 1973 asking for a statement of the Department's intention and received no reply. The complaint was then filed.
Plaintiff contends that the trial judge erred in denying its motion for summary judgment  the judge having apparently so considered the respective motions of the parties. It is argued that its uncontradicted allegations of fact demonstrated that the State's actions constituted a "constructive or de facto taking."
N.J.S.A. 27:7-66 provides:
Whenever the location of a proposed line of any new State highway shall have been approved by the commissioner, the commissioner may file a certified copy of a map, plan or report indicating such proposed line, the width whereof shall not exceed what is reasonably required in accordance with recognized standards of highway engineering practice, with the county clerk of each county within which the proposed line of said new highway is to be located and with the municipal clerk, planning board and building inspector of each municipality within which said line is located.
The mere plotting and planning in anticipation of condemnation without any actual physical appropriation or interference does not constitute a taking or compel the State to institute condemnation proceedings. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270 (1897); Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240 (1939); Jersey City Redevelopment Agency v. Kugler, 58 N.J. 374, 377-378 (1971); Wilson v. Long Branch, 27 N.J. 360, 373-375, cert. den. 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958); Haycock v. Jannarone, 99 N.J.L. 183, 185 (E. & A. 1923); Annotation, "Condemnation  Preimprovement Planning," 37 A.L.R.3d 127 (1971).
It is asserted that the Department has denied plaintiff "the right to use and enjoy" its property and that the Department has not rescinded its alignment map or revised its plans to indicate any change of its intention to build Route *240 92 over plaintiff's property. Aside from the issue of whether there was a temporary taking by the State of an interest in property in the nature of an option under N.J.S.A. 27:7-67, the actions complained of by plaintiff did not deprive it of the use of its property. The planning engaged in by the State involving plaintiff's property, the filing of an alignment map, the acquisition of a nearby parcel, and the refusal to abandon any long-range plan for the eventual acquisition of the property for the proposed highway did not, in actuality, bar plaintiff from utilizing and developing its property. Hence, a constructive or de facto taking did not occur. Cf. Jersey City Redev. Agency v. Bancroft Realty Co., 117 N.J. Super. 418, 424 (App. Div. 1971); East Rutherford Industrial Park, Inc. v. State, 119 N.J. Super. 352, 370 (Law Div. 1972).
There was, moreover, no such actual or threatened interference with the use of the property of such a permanent, serious or continuing nature, to justify the conclusion that a "taking" had occurred as of the time plaintiff's action was instituted. Cf. Morris County Land, etc. v. Parsippany-Troy Hills Tp., 40 N.J. 539 (1963); Morristown Bd. of Ed. v. Palmer, 88 N.J. Super. 378 (App. Div. 1965), rev'd 46 N.J. 522 (1966); Grosso v. Millburn Twp. Bd. of Adj., 137 N.J.L. 630 (Sup. Ct. 1948). There is no implication in the facts asserted that any delays or uncertainties in connection with the proposed development of plaintiff's property were the result of official bad faith or knowing unlawful conduct. There would be no basis, therefore, to entitle plaintiff to damages, by way of just compensation, for condemnation or otherwise. Cf. Beech Forest Hills, Inc. v. Morris Plains, 127 N.J. Super. 574, 582-583 (App. Div. 1974).
Consequently, we concur in the result reached by the trial judge that plaintiff, as of the date of the filing of its complaint, was entitled legally to proceed with the development of its property and that it would be entitled to compensation for its property  and by implication for any improvements *241 made thereto  "if and when the condemnation and the taking of the property by the State becomes effective." In rejecting plaintiff's demand for inverse condemnation, as well as damages the judge, in effect, determined, correctly in our view, that the circumstances related by plaintiff were not tantamount to an appropriation or taking of its property, or wrongful, actionable conduct by the State justifying compensatory damages.
Plaintiff further contends that it is entitled to be compensated by virtue of a "temporary taking" of its property occasioned by the Commissioner's actions pursuant to N.J.S.A. 27:7-67(a).
As noted, plaintiff applied for a permit to build on its property, a portion of which was situated within the alignment of the map for proposed Route 92 as filed under N.J.S.A. 27:7-66. Pursuant to N.J.S.A. 27:7-67(a), the local authority forwarded the application to the Commissioner of Transportation for his recommendation as to the effect of the proposed development upon the proposed highway. Under that statute, upon such a referral no permit could issue until the lapse of 45 days without a recommendation from the Commissioner. The Commissioner, however, in this case, did respond directly to the plaintiff on March 7, 1973, and on the next day plaintiff received a communication from the municipality to the effect that action on the permit was being withheld because of the position of the Department of Transportation. Thereafter, under the statute, N.J.S.A. 27:7-67(a)(1), the Commissioner had 120 additional days in which to acquire, agree to acquire, or commence an action to condemn said property; during this time no permit could issue, but after the expiration of the 120-day period without state action as specifically required by the statute, plaintiff would have been entitled to have had its application for a building permit processed by the local authority.[1]
*242 The Commissioner did not take any of the specific measures required by N.J.S.A. 27:7-67(a). Therefore, upon the passage of 120 days from the earlier notification in March 1973, plaintiff was entitled to proceed to obtain a building permit from the municipality. Cf. Beech Forest Hills, Inc. v. Morris Plains, supra at 584.[2] It is the period of time  the 120 days  utilized under the statute by the Commissioner during which the issuance of a building permit was withheld, that plaintiff claims constitutes a temporary taking and for which it is entitled to compensation.
Primary reliance is placed on Lomarch Corp. v. Englewood Mayor and Common Council, 51 N.J. 108 (1968). There the court considered the provisions of the Official Map and Building Permit Act, N.J.S.A. 40:55-1.30 to 1.42, that upon application for approval of a plat the municipality may reserve for future public use the subject property for a period of one year as parks and playgrounds as shown on the official map. The court held that the statutory provision imposed on the municipality an implied duty and obligation to make payment of adequate compensation to the landowner for the *243 temporary taking and deprivation of use and, conditioned upon the implied duty of compensation, the statute was not constitutionally defective for failure to provide expressly for payment. 51 N.J. at 113. In Beech Forest Hills, Inc. v. Morris Plains, supra, on the strength of Lomarch, it was recognized that a similar reservation of property as park land for one year under the Municipal Planning Act, N.J.S.A. 40:55-1.1-1.29, was compensable as a taking of property.
The similarities between the statute here under consideration and those considered in Lomarch and Beech Forest Hills are apparent. In a comparable sense, the actions of the State in this case under N.J.S.A. 27:7-67 constituted a restriction upon the use of plaintiff's property, which can be analogized to an option to purchase since its imposition was to enable the State, during the period of its existence, to determine whether or not to acquire the property for a public purpose.
Nevertheless, here, the period during which plaintiff was unable to secure a building permit was substantially less than the one year period involved in Lomarch and Beech Forest Hills. Moreover, the restriction thus imposed was reasonably designed to reduce the cost of public acquisitions. 2 Nichols, Eminent Domain (3 ed. 1970), § 6.351 at 6-102. The statutory provisions, N.J.S.A. 27:7-66 and 67, when enacted, were included as a constituent part of L. 1968, c. 393. A portion of that act was subsequently repealed and superseded by L. 1972, c. 47; N.J.S.A. 27:7-72 to 88. A purpose of chapter 393 was to provide compensation for persons "displaced for any transportation purpose" and also "to protect the proposed alignment of new highways to minimize the necessity for and the cost of relocation." This public policy is evident in the current legislation. L. 1972, c. 47. § 2; N.J.S.A. 27:7-73. Thus, the legislation is based upon a salutary recognition by the State of its responsibilities for persons displaced by highway improvements. It seeks to minimize such economic injury and grave inconveniences by avoiding these consequences through a restriction against *244 the physical improvement of affected property for a limited period of time in accordance with N.J.S.A. 27:7-66 and 67, or, if this has already occurred, by compensation for the expenses of relocation as otherwise provided specifically in the statute.
The statute not only provides redress for aggrieved property owners, as indicated, but also seeks to avoid the necessity therefor, if possible. As an incident to this purpose, it discourages, for a relatively short period of time the physical development or improvement of land. Similar measures, designed to restrain temporarily the inimical utilization of land, have been recognized under narrow circumstances as reasonable regulations in the exercise of governmental police powers. E.g., Deal Gardens, Inc. v. Loch Arbour Bd. of Trustees, 48 N.J. 492 (1967); Monmouth Lumber Co. v. Ocean Tp., 9 N.J. 64 (1952); Meadowland Regional Devel. Agency v. Hackensack Meadowlands Devel. Comm'n, 119 N.J. Super. 572 (App. Div.), certif. den. 62 N.J. 72 (1972); Rockaway Estates v. Rockaway Tp., 38 N.J. Super. 468 (App. Div. 1955); Campana v. Clark Tp., 82 N.J. Super. 392 (Law Div. 1964).
As noted, unlike the one-year reservation in Lomarch, the restrictions here are for a considerably lesser period of time, and are not a blanket reservation. Under this statute the Commissioner is required to act affirmatively and promptly  by making a decision initially within 45 days and then, if need be, taking specific action within 120 days  in order to conclude the question of whether the land is to be acquired for transportation purposes. These statutory steps are designed to provide some assurance that the temporary restriction upon the use of the property by the State shall be expeditiously and carefully reviewed and shall not last any longer than reasonably necessary to reach a sound decision on the need for the property for transportation purposes.
Accordingly, the decision below is affirmed.
NOTES
[1] The statute also provides that if the Commissioner initially gives notice that there is no objection to the granting of the permit or approval, the municipal authority may proceed to act upon the application. N.J.S.A. 27:7-67(a) (3). Further, the Commissioner can within the 45-day period recommend the grant of the permit subject to conditions which may be accepted by the owner and municipality within 20 days thereafter; but if the modifications are not accepted no action on the permit can be taken for an additional 20-day period during which the Commissioner may give notice either of his intent to abandon acquisition of the property or to proceed with acquisition and, if the latter, then no permit or approval shall issue for a 120-day period during which there must be an acquisition or agreement to acquire the property, or the institution of a condemnation action, and failing which the parties would be free to proceed. N.J.S.A. 27:7-67(a) (2).
[2] It appears that the State failed to make a recommendation within 45 days of the reference to it on or about January 11, 1973 by the municipal authority. While the Commissioner's recommendation on March 7-8, 1973 was late, no issue is made that plaintiff became legally entitled thereby to proceed on its application or that the Department of Transportation was barred from having a building permit withheld for an additional period of 120 days.