# CIRCUIT COURT OF FAIRFAX COUNTY

VACOM, Inc.

v.

Fairfax County
Board of Supervisors et al.

## Case No. (Law) 119742

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

### September 22, 1993

This matter comes before the Court on the Defendants' Demurrers and Pleas in bar. Having considered the arguments and memoranda of counsel and for the reasons set forth below, the Court partially sustains and partially overrules the Defendants' Demurrers and Pleas in Bar.

### Facts

The facts in this case are set forth in the pleadings. VACOM, Inc., is the owner of certain property located near the intersection of Route 28 and Route 29 in Centreville, Virginia. Soon after acquiring the property, VACOM applied for approval of a site plan in order to begin improvement and development of the property. The site plan was de-

nied by Fairfax County. VACOM subsequently submitted five amended site plans, all of which were denied by the County.

In its Motion for Judgment, VACOM alleges that the County has refused to approve any site plan until VACOM dedicates a portion of the land to the County for the Route 28/29 interchange; that the repeated refusal to approve the site plans prevents construction on the property and prohibits any economically viable use of the property; that the County has not similarly restricted other similarly situated landowners in the area; and that the actions of the County amount to a taking of VACOM's property without just compensation and without due process of law.

### Defendants' Pleas in Bar

The grounds of the Defendants' Pleas in Bar are briefly listed below, followed by the Court's rulings.

1. The Motion for Judgment fails to state a cause of action or facts upon which relief can be granted.

Overruled. A Demurrer, not a Plea in Bar, is used to test the legal sufficiency of the Plaintiff's pleading.

2. The action is barred by § 15.1–475 of the Code of Virginia, which requires any appeal of a disapproval of site plans to be filed within sixty days of the disapproval.

Partially sustained and partially overruled. In separate counts in the Motion for Judgment, plaintiff seeks:

1. A declaratory judgment that VACOM's property has been taken by the County or an injunction requiring the County to approve the site plan.

2. An injunction to compel the County to approve the site plan and $250,000 damages under 42 U.S.C. § 1983 or $750,000 in compensation for the taking.

The request for a declaratory judgment that the County has taken VACOM's property without just compensation and a request for damages under § 1983 for violating VACOM's rights to just compensation and due process of law are not barred by the sixty-day time limit. The declaratory judgment and damages requests are not appeals from the six site plan disapprovals and therefore the Plea in Bar is overruled as to these counts.

The requests for a mandatory injunction requiring the County to approve VACOM's site plans is in essence an appeal of the disapproval

of the site plans and is thus barred by the sixty-day time limit on such appeals. The Plea in Bar is sustained as to the request for a mandatory injunction.

3. The site plans were disapproved for reasons unrelated to improvements to the Route 28/29 interchange.

Overruled. This assertion is not properly raised by a Plea in Bar.

4. The § 1983 claim is barred by the two-year Statute of Limitations, assuming the § 1983 claim is ripe.

Overruled. In deciding whether the § 1983 claim is barred by the two-year Statute of Limitations, two issues must be addressed:

1. Was the Statute of Limitations tolled during the pendency of the federal suit? The Court holds that it was not. § 8.01–229(E)(1) of the Code of Virginia provides that if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Plaintiff argues that the words "any action" are broad and should be construed to include actions brought in federal court. Defendants argue that § 8.01–229(E)(1) must be read in conjunction with § 8.01–2 Code of Virginia. § 8.01–2 defines "action" only in terms of state court actions: "action includes civil proceedings at law or equity, and in either circuit courts or district courts." In addition, 8.01–229(E)(3) specifically includes federal actions within the meaning of that section. If the General Assembly had intended federal suits to toll the statute of limitations under § 8.01–229(E)(1), it would have specifically so provided, as it did under § 8.01–229(E)(3). The court agrees with the defendants.

2. When did the cause of action accrue? Defendants have the burden of proving the date of accrual. Defendants do not directly address the accrual issue; rather, they focus on the tolling issue. Plaintiff asserts that the cause of action accrued on September 27, 1990, the date the sixth site plan was rejected. Plaintiff also seeks to present evidence that the cause did not accrue until March 15, 1991, when the full significance of the site plan rejections was conveyed to Plaintiff by letter. Although the court finds that the Statute of Limitations was not tolled during the pendency of the federal suit, the tolling issue is not dispositive. For the Statute of Limitations to bar the Plaintiff's claim,

Defendants must prove the date of accrual of the cause of action. The Defendants' having failed to do, the Plea in Bar is overruled.

5. Plaintiff cannot maintain the § 1983 claim because Plaintiff has not alleged the violation of a constitutional right. The only property right that VACOM alleges to have been taken is in its site plans, but VACOM had no vested rights in the unapproved site plans.

Overruled. This is essentially an attack on the pleading, more appropriately raised on Demurrer.

6. VACOM fails to allege sufficient facts from which the court could conclude that Defendants' actions constituted a violation of Plaintiff's due process rights. VACOM also has not attempted to develop the property for any other use than that shown on the site plans.

Overruled. The sufficiency of the Plaintiffs' Motion for Judgment should be tested by Demurrer.

7. The Motion for Judgment is deficient in that it fails to plead specific facts from which the court could conclude that damages under § 1983 are appropriate.

Overruled. Challenges to the sufficiency of the Plaintiff's pleading are raised by Demurrer.

8. The § 1983 damages claim is not ripe because the Plaintiff has not complied with the inverse condemnation procedures under § 8.01–187.

Sustained. Defendants argue that the § 1983 claim is not ripe because there has been no threshold declaration that there has in fact been an unconstitutional taking of VACOM's property. The court finds Defendants' argument to be persuasive. In *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985), the Supreme Court held that a plaintiff must seek compensation through state procedures before a taking claim under § 1983 will be ripe. No constitutional violation occurs until just compensation is denied. A taking is not itself unconstitutional; the violation occurs when there is a taking without just compensation. The nature of the constitutional right requires the plaintiff to utilize state procedures for obtaining compensation before bringing a § 1983 claim. If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the just compensation clause until it has used the procedure and been denied just compensation. Virginia has an adequate procedure for seeking just compensation, § 8.01–187, which VACOM has not invoked.

The court in *Northern Virginia Law School, Inc. v. City of Alexandria*, 680 F. Supp. 222 (E.D. Va. 1988), applied *Williamson* to find a § 1983 claim premature, despite the plaintiff's argument that the Virginia courts had not decided whether damages for regulatory takings were available under the state inverse condemnation procedure. 690 F. Supp. at 224. The court held that a plaintiff bears the burden of demonstrating that the state procedure for obtaining compensation is inadequate or unavailable. Since Virginia has a statute explicitly permitting compensation in inverse condemnation actions, the court held that *Williamson* applied; the plaintiff had to use § 8.01–187 before bringing a § 1983 claim.

The Supreme Court in *Williamson* also found that plaintiffs are not required to bring a declaratory judgment action prior to bringing a § 1983 claim because that procedure is remedial in nature. However, there can be no unconstitutional taking until there is a taking without just compensation. In order to determine that just compensation has been denied, the state remedies, such as § 8.01–187 must be utilized to request and be denied compensation. Since VACOM has not used § 8.01–187, its § 1983 claim is not ripe.

Similarly, in *Williamson*, the Supreme Court found that administrative actions must be final before they are judicially reviewable:

> The Commission's refusal to approve the preliminary plat does not.determine [the finality] issue; it prevents respondent from developing its subdivision without obtaining the necessary variances, but leaves open the possibility that respondent may develop the subdivision according to its plat after obtaining variances. The Commission's denial of approval does not conclusively determine whether respondent will be denied all reasonable beneficial use of its property and therefore is not a final, reviewable decision.

*Williamson*, 473 U.S. at 193–94. Defendants claim no variance has been sought by VACOM. The court having already ruled on the § 1983 claim as provided above, and the issue of seeking a variance not clear from the motion for judgment, no ruling is issued on those grounds of the plea.

9. Under § 15.1–554 VACOM may only bring this action if it first submits a claim to the Board of Supervisors for allowance.

Overruled. VACOM's claim was submitted to the Board by letter dated August 28, 1992. VACOM alleges that the Board has refused to respond. By refusing to respond the County has refused or neglected VACOM's claim. *See Board of Supervisors v. Miller & Smith*, 222 Va. 230, 279 S.E.2d 158 (1981).

10. The Board is not a proper party because it does not have primary authority for approving or disapproving site plans.

Overruled. This ground is overruled on its merits and because misjoinder is reached by demurrer, not plea in bar.

### Defendants' Demurrers

The defendants' grounds of demurrer are briefly listed below, followed by the Court's rulings.

1. The Motion for Judgment does not state a cause of action or facts upon which relief can be granted. VACOM's site plans had many problems and therefore, VACOM did not submit a site plan that DEM was required to approve.

Overruled. VACOM has stated facts upon which relief can be granted. VACOM has asserted that the County has taken its property without just compensation and in violation of its due process rights. VACOM alleges that the County is denying VACOM all economically viable uses of its property by refusing to approve VACOM's site plans unless VACOM dedicates part of its land. VACOM also alleges that six site plans were rejected and that the County stated that it would not review any more site plans until the dedication was made.

Defendants may not allege new facts (that VACOM's site plans had many problems and were rejected due to those problems) to defeat the Plaintiff's claim on Demurrer.

2. and 3. As a challenge to the September 1990 disapproval of VACOM's sixth site plan, § 15.1–475 requires any such appeal to be filed within sixty days of disapproval.

Overruled. This issue was decided on Defendants' Plea in Bar No. 2 above.

4. VACOM fails to allege that its site plans conformed to all applicable ordinance requirements and should have been approved.

Overruled. This ground is overruled for the same reason as Demurrer No. 1.

5. VACOM's § 1983 claim is barred by the Statute of Limitations as more than two years have passed from disapproval of the sixth site plan.

Overruled. The defense of the Statute of Limitations cannot be raised by Demurrer. It is an affirmative defense and must be so pleaded.

6. VACOM does not allege the violation of an identifiable constitutional right, and therefore cannot maintain a § 1983 claim. (No vested property right exists.)

Overruled. In light of its ruling on Plea in Bar No. 8, the Court finds this grounds of demurrer moot and makes no further ruling.

7. VACOM fails to allege sufficient facts from which the court could conclude that Defendants' actions constitute a violation of Plaintiff's due process rights.

Overruled. Plaintiff alleges that Defendants disapproved the site plans because VACOM would not dedicate a portion of its land and that disapproval prevents construction and prohibits an economically viable use of the property. A violation of VACOM's due process rights has been sufficiently alleged.

8. VACOM has failed to allege sufficient facts for the court to find a taking has occurred.

Overruled. Plaintiff alleges that the Defendants refused all six site plans, that Plaintiff is unable to begin construction, and that without construction, the plaintiff is deprived of all economically viable uses of its property. Plaintiff has therefore alleged sufficient facts for the court to find that a taking has occurred.

9. VACOM fails to allege that it has attempted to develop the property for any other use than that shown on the site plan.

Overruled. Such an allegation is unnecessary to claim a violation of Plaintiff's due process rights and a taking. VACOM alleges that the County has repeatedly refused to approve all of its submitted site plans, that VACOM cannot begin construction on its land, and that VACOM cannot make any economically viable use of its property. In addition, VACOM has alleged that the County has refused to consider any other site plans until VACOM makes the required dedication of its land.

10. VACOM fails to allege that the Board has prevented it from using the subject property for any purpose other than the purpose sought under the site plans.

Overruled. VACOM is not required to allege these facts in order to state a cause of action. VACOM's allegation is that no site plan would be approved. VACOM alleges that the repeated disapproval of its site plans has prevented VACOM from developing its property; and thus, VACOM has been denied all economically viable uses of its property.

11. The § 1983 claim cannot be maintained because VACOM has no vested rights in the unapproved site plans.

In light of its ruling on Plea in Bar No. 8, the court finds this grounds of demurrer moot and makes no further ruling.

12. The Motion for Judgment fails to plead specific facts from which the court could conclude that § 1983 damages are appropriate.

In light of its ruling on Plea in Bar No. 8, the court finds this grounds of demurrer moot and makes no further ruling.

13. The Plaintiff's § 1983 claim is not ripe.

14. VACOM's § 1983 damages claim is premature because VACOM fails to allege compliance with Virginia's inverse condemnation procedures.

In light of its ruling on Plea in Bar No. 8, the court finds this grounds of demurrer moot and makes no further ruling.

15 and 16. VACOM has failed to allege that it has obtained a declaratory judgment that its property has been taken and that 60 days have passed since the entry of the declaratory judgment.

Overruled. Plaintiff need not allege these facts. § 8.01–187 merely provides an avenue by which a plaintiff may obtain a determination of the amount of compensation due after there has been a declaratory judgment that its property has been taken. If in the declaratory judgment action, the court fails to provide for the amount of compensation, the plaintiff may invoke § 8.01–187 to obtain a determination of the amount due.

17. VACOM fails to allege that it has exhausted all state remedies.

In light of its ruling on Plea in Bar No. 8, the court finds this grounds of demurrer moot and makes no further ruling.

18. The Board is not a proper party to this action.

Overruled. The agent of the Board of Supervisors has the primary authority to approve and disapprove site plans. The Board's agent is the Director of the DEM. The Director is alleged to have been acting within the scope of his authority when denying VACOM's site plans. Thus, the Board is a proper party.

19. VACOM alleges actions by "the County of Fairfax" as the basis for relief against the Board.

Overruled. The Board of Supervisors is the equivalent of the County of Fairfax for purposes of this suit.

November 15, 1993

This matter came before the Court for trial on October 19–20, 1993. At that time the Court heard evidence and the argument of counsel, and took the matter under advisement to read deposition transcripts submitted as evidence and to consider various authorities cited by both parties. The Court has now read the deposition transcripts and considered the authorities cited. No effort will be made in this letter to recount or summarize all the facts presented at trial. The trial transcript will serve that purpose, and only the Court's findings and conclusions are provided below.

By previous opinion letter, this Court dismissed Count II of the motion for judgment (plaintiff's claim for relief under 42 U.S.C. § 1983) and denied the request under Count I for an injunction requiring the County to approve the plaintiff's site plan. At the conclusion of plaintiff's evidence at trial the Court took under advisement defendants' motion to strike, which motion the Court now denies. For the reasons stated below, the Court denies the balance of the relief sought by the plaintiff under Count I of the motion for judgment and dismisses this action.

The Court finds as a matter of fact that the sixth site plan submitted by VACOM was properly denied by the County. The sixth site plan contained a proposed frontage for the project of forty feet as opposed to the requirement of thirty-four feet. The frontage in the site plan was a major deficiency, whose rejection required drawing a new set-back line, changing the footprint of the proposed building, and perhaps reducing the number of hotel rooms that plaintiff could achieve. VACOM requested a determination by the zoning administrator on frontage. That determination was provided, and was adverse to VACOM. VACOM did not seek a variance of the frontage requirement. VACOM appealed the zoning administrator's frontage determination to the Board of Zoning Appeals but later withdrew that appeal.

In addition to the frontage deficiency on the sixth site plan, other deficiencies (albeit less major ones) were present, including drainage, detention, berms, and correct acreage totals. Although these minor

deficiencies could be corrected in seven to ten days, and perhaps by insert, they added to the grounds for the County to reject the sixth site plan. The Court rejects VACOM's claim that Exhibit 11 is an admission by the County that Exhibit 10 addresses and cures all the deficiencies contained in the sixth site plan. The Court finds that disapproval by the County of the non-conforming sixth site plan is not a taking of VACOM's property without just compensation or due process of law.

VACOM urges that this Court find the County's disapproval of the sixth site plan based on the above deficiencies as a mere pretext for the County's real concern and interest, which is the redesign of the Route 29/28 interchange. At least since 1985 the County's comprehensive plan showed anticipated widening of Route 28 and improvement of its interchange with Route 29. During 1985 to 1988 the County conducted a study of possible improvements to the intersection. On September 25, 1989, the County adopted one of several alternative interchanges proposed by its consultant. That interchange is known as Alternative 5(B). In its review of the first four site plans submitted by VACOM, the County made no reference to the interchange or the widening of Route 28. On VACOM'S fifth and sixth site plans the County returned each with (among other comments) the proposed new right-of-way crossing the plaintiff's property and affecting the proposed development. VACOM claims that the various site plans it submitted were rejected by the County to delay approval of a site plan until the location of the right-of-way could be determined. VACOM claims that even if the right-of-way was not the only basis for the County's rejection of the sixth site plan, it was one of the bases, which is sufficient to constitute an improper taking. For the reasons stated above, the Court rejects that claim. The Court finds that any proper basis for rejecting the sixth site plan is sufficient. The failure of the sixth site plan to meet frontage requirements was clearly a proper basis for objection. Whether the County had ulterior motives for rejecting the sixth site plan is inconsequential if one of the bases of its rejection was proper.

Alternatively, VACOM asserts that the County's drawing of the right-of-way on the sixth site plan (and hence its use as a basis of denial) was in and of itself a taking so as to require compensation. VACOM directs the Court's attention to Vance, "Planning and Precondemnation Activities as Constituting a Taking Under Inverse Law," *Selected Studies in Highway Law*, vol. 2 (June 1988), in support of its

position. The Court disagrees. Although the author of that article urges a different result, he notes that:

> [t]he majority rule comes down heavily on this side of treating the impact of planning and precondemnation activities as *damnum absque injuria*, or a non-compensable incident to or burden upon the ownership of private property. All property is held in private ownership subject to the chance and with the full knowledge that when required for a public use the same may be appropriated by exercise of the sovereign power of eminent domain. This fundamental principle leads to the result that the injurious impact of precondemnation activities, whether considered as a single item or items taken in combination, is ordinarily held not to be grounds for and give rise to an action in inverse condemnation.

Vance, at N76-N77. VACOM claims that the County's decision to widen Route 28 and improve the interchange, and the County's adoption of an ordinance to that end and of Alternative 5(B) may not constitute a taking; but the County's drawing of a proposed right-of-way on the fifth and sixth site plans and its denial of those site plans on that basis (among others) constitute a taking. The Court disagrees, finding those actions to be allowed planning in anticipation of a public improvement without constituting a taking or damage. As cited in Vance's article, "[t]hroughout the design phase of a highway project, alterations and modifications of the proposed project may occur; in recent years, with considerable frequency, route location adoptions have been rescinded by the highway commission as a result of public disapproval of a project, environmental problems, or fiscal constraints . . . . Until design has been completed, environmental considerations have been accounted for, and actual condemnation resolutions are issued, it cannot be said with any certainty what property will be acquired for a project." Vance at N78, citing *Johnson v. State*, 90 Cal. App. 3d 195, 153 Cal. Rptr. 185 (1979). In *Jones v. City of Los Angeles*, 88 Cal. App. 3d 965, 152 Cal. Rptr. 256 (1979), the city began activities relating to right-of-way acquisition in 1968, published a notice delineating the project and showing its effect on the plaintiff's property in 1970, signed construction plans in 1970, issued a report recommending a condemnation ordinance for immediate possession of plaintiff's property in 1970, and in 1981 (sic) passed an ordinance

finding the public interest required the taking of plaintiff's properties and directing the city attorney to condemn them. The appellate court held that such activities did not state a cause in inverse condemnation as they were neither unreasonable nor oppressive insofar as plaintiffs were concerned, and constituted no more than a normal chain of events in the planning process for the public improvement. Vance at N79. In *Kingsden East Realty v. State, Commissioner of Transportation*, 336 A.2d 40 (N.J. 1975), the Department of Transportation filed an alignment map showing that part of plaintiff's property would be included within the limits of a proposed freeway. Because of the filing of the alignment map, plaintiff was denied a building permit which would have enabled it to proceed with its plan to construct a project on the site. That court held that the precondemnation activities did not amount to a taking because "planning in anticipation of condemnation without any actual physical appropriation does not constitute a taking or compel the State to institute condemnation proceedings." Vance at N81.

Whether or not VACOM's property was "grandfathered" under ZO-89–185 adopted by the Board of Supervisors on December 11, 1989, with an effective date of December 12, 1989, relates only to the measure of damages that VACOM would be entitled to in the event the Court found in its favor. As the Court has not found in favor of VA-COM, that issue is moot and the Court declines to address it.