## CIRCUIT COURT OF THE CITY OF RICHMOND

Janie Mae Benjamin,
Adm'r of the Estate of
Yukema Denise Benjamin,
deceased

v.

Aparimita Lahiri Gupta

October 26, 1995

Case No. LA-638-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on the defendant's Plea in Bar on the ground of sovereign immunity. According to the evidence developed during a hearing on the Plea and the allegations in the Motion for Judgment the following is a summary of the facts.

The Defendant, Gupta, is a physician who trained in India and came to the United States in 1988. She started her residency at the Medical College of Virginia (MCV) in 1990 finishing in 1993. From there she went to New Mexico and in 1994 came back to MCV where she became enrolled in a fellowship program in endocrinology. Under the fellowship program, Gupta receives a stipend from MCV.

During the period in question, October, 1994, Gupta was "moonlighting" for pay at the Episodic Care Clinic at MCV. There she saw plaintiff's decedent on two occasions. On the first instance, plaintiff's decedent presented complaining of a headache. After an examination defendant discharged decedent with a prescription for headache. Three days later decedent presented again complaining of headache and neck pain. Gupta discharged again with a prescription. Two days later decedent could not be aroused and was taken to the hospital where she died the next day. The gravamen of the allegations of medical negligence goes to Gupta's not determining that decedent had a shunt placed in her head during infancy

by failing to get a history and giving proper treatment. Decedent was eighteen at the time she died.

The testimony of Barbara Farley, Executive Director of Nursing and Patient Care Services, revealed that the Clinic sees non emergency patients. Very few of the patients who visit the Clinic have their own physicians and MCV supplies all the equipment and staff. Physicians who "moonlight," as defendant was during the times in question, do not have the right to refuse patients and receive no compensation from them. They treat the patients according to MCV protocols and their compensation is derived from patient fees, not from the hospital's general fund. MCV is a state run hospital, health facility, and medical teaching institution.

Defendant testified she was not pursuing any research project at the time and that her involvement with the Clinic was for extra pay and not part of fellowship training. She stated she could not admit any patient to the hospital; she could only refer a patient for admission to be approved by an admitting resident. Gupta was not authorized to compromise or forgive medical debts arising from the medical services she provided.

After having read and considered the authorities presented for and against the Plea, it is my opinion that *Lohr v. Larsen*, 246 Va. 81 (1993), and that case's reliance on *James v. Jane*, 221 Va. 43 (1980), controls the outcome. In *Lohr*, the Court held that a state-employed physician in a public health clinic run by the State Department of Health is entitled to sovereign immunity from liability for acts of ordinary negligence. The Court decided the question rejecting the plaintiff's argument that the function of the defendant physician was similar to that of medical school faculty member-physicians who were denied sovereign immunity in *James*. Here, plaintiff argues that Gupta was not functioning as a "fellow" at the time and is not entitled to immunity as in *Gargiulo v. Ohar*, 239 Va. 209 (1990). Further, plaintiff argues that as an independent contractor Gupta was free to exercise her own judgment in the care and treatment of the decedent. Plaintiff urges that the Episodic Care Clinic is a "clinic" in name only, there is no consideration for protection of the Commonwealth's purse and that the four factors listed for sovereign immunity to attach in *James* are not met in this case. The court disagrees with plaintiff and finds that the conditions for sovereign immunity are present here and the Plea should be sustained.

Whether sovereign immunity applies in instances of alleged negligent acts by governmental employees is a question tested against a four part

test listed in *Messina v. Burden*, 228 Va. 301 (1984). There the court stated that among the factors to be considered are:

1. The nature of the function performed by the employee;
2. The extent of the state's interest and involvement in the function;
3. The degree of control and direction exercised by the state over the employee; and
4. Whether the act complained of involved the use of judgment and discretion.

*Id.* at 313 (citing *James v. Jane*, 221 Va. 43, 53). In *Lohr*, the Court observed:

In *James*, we indicated that if the function that a government employee was negligently performing was essential to a governmental objective and the government had a great interest and involvement in that function, those facts would weigh in favor of the employee's claim of sovereign immunity. *Id.* at 53-54, 282 S.E.2d at 869. On the other hand, if that function has only a marginal influence upon a governmental objective, and the government's interest and involvement in that function are "slight," these factors weigh against granting governmental immunity to a government employee. *Id.* at 54, 282 S.E.2d at 870.

*Lohr v. Larsen* at 82. Here, Gupta worked in a public hospital receiving a state salary where a majority of patients are not self paying, where she had no control over patient selection, and under state dictated protocol. This case demonstrates a clear example of state interest because the state has an interest in running a non-emergency health facility for the public. These circumstances suggest a heavy governmental interest and involvement weighing on the side of sovereign immunity. There is more than mere slight government control over Gupta in her dealings as a physician at the Clinic. And despite plaintiff's reliance on Gupta's being an independent contractor, Gupta was not essentially a private practitioner operating in a public hospital setting but was a direct government employee at the time. The Clinic, though not funded to provide care to those who cannot afford those services, is nonetheless a state run medical facility.

Plaintiff argues that MCV is a profitable enterprise for the state and therefore the consideration of protecting the public purse is not implicated

here. Profit or not the primary focus for sovereign immunity is governmental function. *Hinchey v. Ogden*, 222 Va. 234, 240 (1983).

Plaintiff has argued much about the defendant's ability to make decisions in the care and treatment of the decedent as a matter of use of judgment and discretion. In *Lohr* the court said: "Lohr recognized that if broad discretion is vested in a government employee in performing the function complained of . . . it will weigh heavily in favor of a government employee's claim of immunity." *Id.* at p. 87. Here, this defendant as a physician has to exercise judgment and discretion in administering treatment within MCV protocols. Gupta did not have the broad selection of treatment methods as there was in *James*. Indeed, the very exercise of discretion and judgment in Gupta's affording treatment is essential to the state's purpose to deliver health care services to patients at the Clinic.

The statement of the trial court cited in *Lohr* applies equally well to Gupta in this case:

> The State . . . controls, absolutely, when and where Dr. Larsen works, the number and identity of the patients he sees, the equipment he uses, the procedures he can perform and those which he must refer and even the brand name of the medication he can prescribe. He cannot refuse to see any patient, his compensation is not related in any way to the number of the patients he sees or the services he performs for them and he has no input at all into what fee, if any, the patient will be charged.

*Id.* at p. 84. By all accounts, according to the *Messina* four point test, the conditions are complete to satisfy the inquiry that the defendant is entitled to immunity here. For the foregoing reasons, the Plea is granted.