# CIRCUIT COURT OF THE CITY OF RICHMOND

Janie Mae Benjamin,
Adm'r of the Estate of
Yukema Denise Benjamin,
deceased

v.

Julie Ann Samuels and
University Internal
Medicine Foundation

June 4, 1996

Case No. LX-2095-1

BY JUDGE MELVIN R. HUGHES, JR.

After taking evidence at a hearing on defendant Samuels' Plea of Sovereign Immunity, the court took the matter under advisement.

This is a medical negligence wrongful death claim arising from the death of plaintiff's decedent Yukema Benjamin on October 31, 1994. In a related case, *Benjamin v. Gupta*, 37 Va. Cir. 297 (1995), the court granted a sovereign immunity plea made by Dr. Aparamita Gupta, the treating physician. This case seeks a recovery against Gupta's supervisor, Dr. Julie Samuels, due to negligent hiring and other grounds.

According to the Motion for Judgment, on October 25, 1994, plaintiff's decedent went to the Medical College of Virginia Episodic Care Clinic (ECC) with a complaint of headache. Dr. Gupta treated the decedent that day and prescribed Motrin and Fiorinal. On October 28, plaintiff's decedent returned complaining again of headache. This time as before Dr. Gupta discharged decedent with a prescription for headache. Two days later decedent could not be aroused and was taken to the hospital where she died the next day. The allegations in the suit against Gupta focused on the failure to determine that decedent had a shunt in her head, placed there during infancy, by failing to get a history and giving proper treatment. As a result, it was alleged, decedent died due to intracranial pressure caused

by the failure of the shunt. Those allegations are a part of this case too as they relate to the allegation that Samuels was negligent in hiring and supervising.

More specifically, in this proceeding against Dr. Samuels, the claim is that Samuels failed to properly organize the ECC, recruit and hire qualified physicians, and appropriately supervise the personnel there. As to the other defendant, the University Internal Medicine Foundation (UIMF), the claim is that Samuels was an agent or servant of UIMF acting within the scope of her employment and was directly and vicariously liable for the incidents described which led to decedent's death.

The evidence consisted of the testimony of Dr. Gupta, defendant Dr. Samuels, John Girtman, Executive Director of UIMF, and plaintiff Janie Benjamin, mother and administratrix of the decedent's estate. The testimony revealed that the ECC is a nonacute, nonemergent care facility maintained and operated by the Medical College of Virginia (MCV), a state agency. The patients at the ECC are usually walk-in indigent persons who are seen by ECC employed physicians who are residents, fellows, and others who work there on a full or part time basis. In the instances here, Gupta was a physician licensed to practice in Virginia, who was "moonlighting" at the time, that is, working for pay during the evening hours while, in her case, otherwise pursuing studies in an endocrinology fellowship program. This is typical of other licensed residents and fellows at MCV. As such, Gupta was free to decide what treatment plan to follow for patients who came under her care at the ECC and whether any such persons should be referred for admission to the hospital. Gupta had no authority to admit patients to the hospital.

At the time of decedent's contacts with the ECC, Samuels was its Medical Director. There is no allegation or showing that she in any way had any contact with decedent or that she was ever involved with or consulted about decedent's treatment or care. Moreover, it was shown that Samuels, while charged in her capacity as director with administering the ECC, did not set the qualifications for moonlighters and did not have anything to do or say about the treatment such persons or any physicians at the ECC provided to patients. She could not admit patients to the hospital, she did not set hiring standards for moonlighters, she could not fire moonlighters and could not compromise patient debts. As director, Samuels arranged for physician coverage at the ECC, devised a manual, fielded complaints from physicians, and, within the limitations mentioned above, administered the day to day operations of the ECC.

There are four areas of consideration that go to determining whether a state employee like Dr. Samuels enjoys sovereign immunity. These are enumerated in *Messina v. Burden*, 228 Va. 313 (1984):

> 1. The nature and function performed by the employee.
>
> 2. The extent of the state's interest and involvement in the function.
>
> 3. The degree of control and direction exercised by the state over the employee; and
>
> 4. Whether the acts complained of involve use of judgment and discretion.

The court cannot find any basis in fact that there was ever a physician-patient relationship between decedent and Dr. Samuels. Apart from no evidence that Samuels had anything to do with the patient, there is also no evidence that Samuels had any responsibility in selecting Gupta to work at the ECC. The evidence shows that Samuels acted for the state as an administrator of a state run health facility. It shows an obvious heavy state interest and involvement in the ECC, it shows a considerable amount of judgment and discretion on the part of Samuels in her work there, and it shows a high degree of control of a state run health facility by the state. In *Lohr v. Larsen*, 246 Va. 81 (1993), the Court held that a physician employed in a state-run health facility is entitled to immunity. Here, Samuels' function was important to reach a governmental objective and there is a great deal of involvement and interest on the part of government in that function.

I can see no basis for plaintiff's assertion that no immunity exists here. Certainly in that Gupta has immunity for her more direct involvement in the transaction, Samuels cannot be said to enjoy anything less.

For these reasons and for the reasons given generally in the court's letter of October 26, 1995, in the aforementioned related case, the court will sustain the plea of sovereign immunity as to defendant Samuels.